UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**PARASAILING, INC.,**

    Plaintiff,

v.                                                          Case No. 2:22-cv-503-SPC-NPM
                                                                              IN ADMIRALTY

**UNKNOWN CLAIMANTS,**

    Defendant.

---

**ORDER**

This matter comes before the court upon sua sponte review of the docket. Supplemental Rule F(4) requires a plaintiff moving for limitation of liability to both publish notice and "mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." Following the court's order (Doc. 10) and Supplemental Rule F(4), plaintiff Parasailing, Inc. filed a notice of compliance certifying publication of notice (Doc. 12). But Parasailing references potential claimants Kathy Whitty and Kari Boling in its complaint (Doc. 1 ¶¶ 4, 10-12, 16-19). And while Parasailing sold tickets to and received an executed waiver from Whitty and Boling (Doc. 1-2), Parasailing claims their "residence and citizenship status are unknown at the present time" (Doc. 1 ¶ 4).

In the interests of due process and finality, Parasailing must undertake a reasonable investigation—and utilize subpoenas, if necessary—to determine reliable mailing addresses for the named potential claimants. *See Matter of Suntex Marina Invs., LLC.*, No. 2:19-cv-80-FTM-38MRM, 2020 WL 10355092, *3 (M.D. Fla. Mar. 13, 2020) (discussing cases in which courts have allowed late claims in limitations actions due to improper notice); *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963) ("so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims"); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

- 3 -

Accordingly, by **December 30, 2022**, Parasailing must file a notice of compliance certifying service by mail on Whitty and Boling or show cause as to why such service is not feasible. Whitty and Boling must file any claims and any answers to the complaint within 21 days of their respective mailing. Parasailing must include a copy of this order when mailing notice to Whitty and Boling.

**ORDERED** on November 16, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE