UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARASAILING, INC., as Owner of
the 2002 31' CWS Ocean Pro,
Bearing Hull Identification No.
CNXO0006D202 and Registration
Number FL/DO No. DO1127668,

    Petitioner,

v.                                              Case No.:   2:22-cv-503-SPC-NPM

UNKNOWN CLAIMANTS,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Parasailing, Inc.'s Motion for Default Judgment against Unknown Claimants (Doc. 18) and United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 19). Judge Mizell recommends granting the Petitioner's Motion and directing the clerk to enter a default judgment of exoneration in favor of Parasailing, Inc. against all non-appearing claimants. (Doc. 19). No party objected, so the matter is ripe for review.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part," the magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). In the absence of specific objections, there is no requirement that a district judge review the Report and Recommendation de novo. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, when parties don't object, a district court need only correct plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn,* 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

After careful consideration and an independent review of the case, the Court finds no plain error. The Court has conducted its own Rule 54(b) analysis and concluded that there is no just reason for delay. Fed. R. Civ. P. 54(b). The Court thus accepts and adopts the Report and Recommendation (Doc. 19) in full.

Accordingly, it is now

**ORDERED:**

2

1. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 19) is **ACCEPTED** and **ADOPTED** and the findings incorporated herein.

2. The Petitioner's Motion for Default Judgment against Unknown Claimants (Doc. 18) is **GRANTED.**

3. This action is **DISMISSED with prejudice** as to all potential claimants except Kathy Whitty and Kari Boling.

4. The Clerk of Court is **DIRECTED** to enter default judgment against all claimants who have not timely filed claims or responded to the Complaint for Exoneration or Limitation of Liability. (Doc. 1).

**DONE** and **ORDERED** in Fort Myers, Florida on February 8, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record